IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 5, 2002

## STATE OF TENNESSEE v. PATSY WEBSTER

**Appeal from the Circuit Court for Henry County**
**No. 13116      Julian P. Guinn, Judge**

---

### No. W2001-01908-CCA-R3-CD - Filed June 26, 2002

---

The defendant, Patsy Webster, appeals the Henry County Circuit Court's ordering her to serve one year of her effective two-year sentence in continuous confinement. She claims that the trial court erred in requiring her to serve a full year in jail because she was eligible as a Range I offender with only a two-year sentence for release after serving thirty percent of her sentence. The state agrees. We hold that the defendant was improperly sentenced and remand the case for resentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Reversed,**
**Case Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Guy T. Wilkinson, District Public Defender, and W. Jeffery Fagan, Assistant District Public Defender, for the appellant, Patsy Webster.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; G. Robert Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant originally pled guilty to three counts of forgery, a Class E felony. On December 11, 2000, the trial court sentenced her as a Range I, standard offender to concurrent one-year sentences to be served in the community corrections program upon her serving sixty days in jail. On May 2, 2001, a violation warrant was filed regarding her receiving convictions for driving on a revoked license and driving under the influence, second offense. She also violated the terms of her community corrections sentence by being away from home and being intoxicated at the time of her arrest for those offenses. On May 22, 2001, the trial court revoked the defendant's community corrections sentence.

At the resentencing on July 9, 2001, the parties relied upon the presentence report. The report reflects that the defendant has convictions for various misdemeanors, including assault, marijuana possession, possession of drug paraphernalia, failure to appear, and public intoxication. Moreover, the report states that some of those offenses were committed while the defendant was "on bond or suspended sentence." Finding the existence of two enhancement factors, the trial court sentenced the defendant as a Range I, standard offender to the two-year maximum for each Class E forgery conviction, the sentences to be served concurrently. The trial court further ordered that one year be served in continuous confinement while the second year be served on supervised probation.

The defendant contends, and the state agrees, that the trial court erred in ordering her to serve one year in continuous confinement. Given the present state of the law, we agree. This case presents somewhat of an anomaly by which the law substantially restricts the trial court's sentencing options for confinement for a recalcitrant offender.

Pursuant to Tenn. Code Ann. § 40-35-501(a)(3), a person receiving a felony sentence of two years or less to the Department of Correction or a jail or a workhouse, for a non-violent, non drug-related offense is entitled to release on probation upon reaching the person's release eligibility date. Longer detention for such an offense and sentence can only occur when the offender has disciplinary violations while serving time in confinement. Tenn. Code Ann. § 40-35-501(a)(6). Thus, the defendant's effective two-year sentence with a thirty percent release eligibility date entitled her to be released on probation after serving two hundred nineteen days. The trial court could not require her to serve a longer time in confinement. This is not, however, the only limit to the defendant's confinement.

Because the defendant was serving a community corrections sentence that was revoked, any resentencing was subject to her receiving credit for the time she served in the community corrections program. See Tenn. Code Ann. § 40-36-106(e)(4). In this respect, the defendant was originally sentenced on December 11, 2000, and the community corrections sentence was revoked on May 22, 2001. Also, the defendant was entitled to credit for any other time spent in confinement for the original offenses. See Tenn. Code Ann. § 40-23-101(c). We note that the judgments entered for the defendant's resentencing provide only sixty-eight days credit.

Finally, we note that a trial court cannot preclude the application of relevant conduct credits. See, e.g., State v. Clark, 67 S.W.3d 73, 78 (Tenn. Crim. App. 2001). That is, the trial court's sentencing order cannot circumvent the application of conduct credits that may otherwise accrue while the defendant is confined.

In consideration of the foregoing, we hold that the trial court erred in imposing a sentence of continuous confinement for one year. We remand the case for resentencing in light of our opinion.

_____
JOSEPH M. TIPTON, JUDGE